# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
| --- | --- |
| DEREK N. JARVIS | * |
| Plaintiff | * |
| v | *   Civil Action No. PJM-10-1330 |
| MONTGOMERY COUNTY, MD | * |
| Defendant | * |

***

## MEMORANDUM OPINION

The above-captioned complaint was filed on May 25, 2010, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted.

Plaintiff has also filed a motion to reassign this case to a different judge, asserting he has a right to one reassignment. The motion shall be construed as a Motion for Recusal. Plaintiff states that the undersigned has ruled against him in previous cases, causing Plaintiff to question the impartiality of the court. Recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. *See* 28 U.S.C. §144. The instant motion does not convincingly demonstrate a need for recusal inasmuch as the decisions issued by the undersigned in previous litigation do not constitute cause for recusal. The motion will be denied.

The complaint fails to state a claim upon which relief may be granted. Although Plaintiff makes conclusory allegations that certain agencies failed to take appropriate action on his allegations of discrimination by unnamed parties, there are no factual allegations in the

complaint, no dates, and no explanations of what occurred to cause Plaintiff to conclude his rights were violated.[1] As such, the Complaint fails to comply with Fed. R. Civ. Proc. 8(a)(2) which requires: a short and plain statement of the claim showing that the pleader is entitled to relief.

Accordingly, by separate Order which follows the Complaint will be dismissed without prejudice.

June 7, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff repeatedly alleges he has a right to have his claims of discrimination addressed and that issuing a finding in favor of "respondent" violated his right. There is no description of the proceedings he references and there is no identification of the respondent. As such it is impossible to discern whether this case is properly before this court.